**In the Matter of John L. PEAK, Respondent.**

**No. 53S00–1107–DI–456.**

Supreme Court of Indiana.

Sept. 30, 2011.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court suspended Respondent from the practice of law in this state for continuing legal education noncompliance and dues nonpayment, effective June 8, 2010. The Commission filed a "Verified Motion for Rule to Show Cause" on July 26, 2011, asserting Respondent practiced law in this state while suspended. The Court issued an order to show cause on August 4, 2011, directing Respondent to show cause in writing, within 15 days of service, why he should not be held in contempt for disobedience to this Court's order suspending him from practice. It has been over 15 days since Respondent was served, and Respondent has not responded.

The Commission asserts that Respondent appeared in the court on behalf of a criminal defendant on March 29, 2011, and on June 28, 2011, based on entries in the chronological case summary for the case. Although we find the entry for the latter date inconclusive, the entry for March 29, 2011, states Respondent "orally appears on behalf of def[endant]." In the absence of any response from Respondent contesting the accuracy of this entry, we find Respondent in contempt of this Court for practicing law while suspended on March 29, 2011.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* Respondent's violation of the suspension order appears to be limited to a single, now completed event. Under the circumstances, the Court concludes that a fine of $500.00 is sufficient discipline for Respondent's contempt of court by practicing law while suspended.

The Court therefore ORDERS that Respondent **be fined the sum of $500.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.